## Painter *v.* Lamb, Appellant.

*Broker—Real estate broker—Commissions—Division of commissions—Serving two masters.*

In an action against a real estate broker to recover one-half of the commissions on a sale of land based on an alleged promise made by the defendant to the plaintiff to share the commissions for assistance in procuring a purchaser, the plaintiff is not barred from recovering such share of the commissions, because he assisted the purchaser in reselling, at the same time, a portion of a tract purchased, and received a compensation therefor; and if the evidence is conflicting as to whether the promise was actually made, and as to whether the resale of the land was not involved as a part of the transaction of the sale, the case is for the jury, and a verdict and judgment for the plaintiff will be sustained.

Argued Oct. 7, 1915.   Appeal, No. 12, Oct. T., 1915, by

14          PAINTER *v.* LAMB, Appellant.

defendant from judgment of Municipal Court, Philadel-
phia Co., Oct. T., 1914, No. 142, on verdict for plaintiff
in case of Charles E. Painter v. Thyele M. Lamb, trading
as Lamb & Company.  Before RICE, P. J., ORLADY, HEAD,
PORTER, HENDERSON, KEPHART and TREXLER, JJ.  Af-
firmed.

Assumpsit to recover one-half of the commissions on a
sale of land.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $404.  Defend-
ant appealed.

*Error assigned* was in submitting the case to the jury.

*Stanley Foltz,* with him *Leon H. Foltz,* for appellant,
cited: Everhart v. Searle, 71 Pa. 256; Rice v. Davis, 136
Pa. 439; Linderman v. McKenna, 20 Pa. Superior Ct.
409; Evans v. Rockett, 32 Pa. Superior Ct. 365; Sha-
mokin Mfg. Co. v. Ohio, Etc., Ins. Co., 39 Pa. Superior
Ct. 553; Wilkinson v. McCullough, 196 Pa. 205; Lease
v. Christy, 28 Pa. Superior Ct. 507.

*S. G. Birnie,* of *Birnie & Raspin,* for appellee, cited:
Fulton v. Walters, 216 Pa. 56.

OPINION BY HENDERSON, J., November 2, 1916:

This action was brought by the plaintiff to recover
from the defendant one-half of a commission received by
the latter for services in the sale of a tract of land in
North Carolina belonging to Frank H. Elder.  The defend-
ant recovered the amount of this commission through
an action in the Court of Common Pleas, No. 1, of Phila-
delphia.  The plaintiff alleged that the defendant had
agreed to divide this commission with him because of
the fact that he had brought Elder and the defendant to-
gether and had aided in bringing about the sale out of
which the defendant's claim for commission arose.  The

defendant denied that he ever had agreed to share his commission with the plaintiff and defended further on the ground that the plaintiff had received a commission from Smith, the purchaser from Elder, in the same transaction. Two questions of fact arose therefore: First, was there an arrangement between Painter and Lamb that there should be a division of the commission received by the latter from Elder and, secondly, did the plaintiff forfeit his right to a portion of that commission because he had received compensation from Smith, the purchaser, in connection with the same sale. The explanation given by the plaintiff as to compensation from Smith was that the latter agreed to pay him for his services in bringing about a sale of a part of the land which Smith bought from Elder to a man named Foster who was looking for spruce timber and who wished to buy about two hundred and fifty-eight acres of the Elder land which contained a considerable quantity of spruce, the amount of his compensation for this service being fixed at five dollars an acre for the land which was to be sold to Foster. Three hundred and ninety-five dollars of this amount seems to have been paid in cash; the balance was secured by two notes, neither of which was ever paid. The appellant relies on the general principle that an agent for the sale of property cannot at the same time act as agent for the purchaser thereof or make any arrangement with the purchaser under which he becomes entitled to compensation from the purchaser and if he should do so, he is thereby precluded from recovering compensation from his principal, unless the latter expressly agreed that he might accept compensation from the purchaser, and the correctness of this principle was affirmed by the learned trial judge. The question of fact as to the consideration for the agreement of Smith to pay the plaintiff was submitted to the jury. It is true that one part of the testimony of the plaintiff is somewhat inconsistent with his claim, but in another part it is plainly set forth that his service to Smith in bringing about a sale of the spruce

timber land by Smith to Foster was the consideration for the agreement to pay the twelve hundred and ninety-five dollars. An examination of this evidence satisfies us that the court could not have properly excluded from the consideration of the jury a determination of the question whether the money paid and promised to be paid by Smith to the plaintiff was a consideration for his assistance in bringing about the sale from Elder to Smith or whether it was to compensate the plaintiff for finding a purchaser for the two hundred and fifty-eight acres sold to Foster. The questions of fact were fairly submitted to the jury. We think the court would not have been warranted in deciding the case as a matter of law. The judgment is, therefore, affirmed.